[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15537
_____

D. C. Docket No. 0-08-cv-60931-WM

STEPHEN HORRILLO,
As Personal Representative of the Estate of
Margaret Horrillo, on behalf of the Estate of Margaret
Horrillo and on behalf of himself as her surviving son,

                                         Plaintiff - Appellant,

versus

COOK INCORPORATED,
d.b.a. Cook Medical,

                                         Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(November 23, 2016)

Before MARCUS and DUBINA, Circuit Judges and COHEN,* District Judge.

PER CURIAM:

_____

*Hon. Mark Howard Cohen, United States District Judge for the Northern District of Georgia,
sitting by designation.

## I.

Stephen Horrillo brings this action on behalf of his deceased mother, Margaret Horrillo, against Cook Incorporated (Cook) for negligence and negligent failure to warn, strict products liability and strict failure to warn, and breach of warranty.   Cook manufactured and sold a stent designed for use in human bile ducts; however, Mrs. Horrillo's doctor used "off-label" in a surgery to clear her renal artery.     After a fifteen-day trial spanning nearly four weeks, the jury returned a verdict in favor of Cook.     Mr. Horrillo moved for a judgment notwithstanding the verdict, or in the alternative a new trial.   Mr. Horrillo's motion was denied and he appeals.

## II.

The following issues are presented for appellate review:

1. Whether the district court[1] abused its discretion when it refused to permit Mr. Horrillo to introduce into evidence Cook's renal stent clinical trials as rebuttal evidence.
2. Whether the district court abused its discretion when it refused to permit Mr. Horrillo to introduce into evidence Cook's renal stent warning label as a subsequent remedial measure.
3. Whether the district court abused its discretion in determining Mr. Horrillo failed to show the great weight of the evidence warranted a new trial.
4. Whether the district court abused its discretion by approving a three-question verdict form, and in its jury instructions.

---

[1] The parties consented to the exercise of jurisdiction by a magistrate judge, pursuant to 28 U.S.C. § 636 (2012).

III.

"We review a district court's ruling on the admissibility of evidence for abuse of discretion, and evidentiary rulings will be overturned only if the moving party establishes that the ruling resulted in a substantial prejudicial effect." *Piamba Cortes v. Am. Airlines, Inc.*, 177 F.3d 1272, 1305 (11th Cir. 1999) (quotation omitted).    "An abuse of discretion arises when the decision of the district court rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact."    *Fid. Interior Const., Inc. v. Se. Carpenters Reg'l Council of United Bhd. of Carpenters & Joiners of Am.*, 675 F.3d 1250, 1258 (11th Cir. 2012) (quotation omitted).    "Because it is critical that a judge does not merely substitute his judgment for that of the jury, new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence."    *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001) (quotation omitted).

"A motion for JNOV challenges the sufficiency of the evidence and raises a question of law subject to *de novo* review."    *Wolff v. Allstate Life Ins. Co.*, 985

3

F.2d 1524, 1528 (11th Cir. 1993).   In evaluating the district court's denial of the

motion:

> [T]he Court should consider all of the evidence . . . with all reasonable inferences most favorable to the party opposed to the motion.   If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motion[] is proper.   On the other hand, if there is substantial evidence opposed to the motion, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied. . . .

*Id.* (quoting *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc)).

On the other hand, the district court's denial of a party's motion for a new

trial is reviewable for a clear abuse of discretion.   *Id*.   Unlike a motion for

judgment as a matter of law, the district court is free to independently weigh the

evidence when deciding a motion for a new trial.   *Williams v. City of Valdosta*,

689 F.2d 964, 973 (11th Cir. 1982).   "A judge should grant a motion for a new

trial when the verdict is against the clear weight of the evidence or will result in a

miscarriage of justice, even though there may be substantial evidence which would

prevent the direction of a verdict." *Lipphardt*, 267 F.3d at 1186 (quotation

omitted); *see also Williams*, 689 F.2d at 973 ("A trial judge may grant a motion for

a new trial if he believes the verdict rendered by the jury was contrary to the great

weight of the evidence.").

4

"We apply the same deferential standard of review to a special interrogatory verdict form that we apply to a district court's jury instructions," *McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1072 (11th Cir. 1996); that is, we review for an abuse of discretion, *Schafer v. Time Inc.*, 142 F.3d 1361, 1368 (11th Cir. 1998). "Our review of a district court's charges to the jury is deferential, and the trial judge is entitled to wide discretion over the style and wording employed as long as the instructions accurately reflect the law."  *Id*.   "We must examine whether the jury charges, considered as a whole, sufficiently instructed the jury so that the jurors understood the issues and were not misled."  *Id.*   (quotation omitted). "We do not engage in word-by-word hairsplitting when reviewing the instructions given at trial," so long as the instructions, "accurately reflect the law."  *Johnson v. Breeden*, 280 F.3d 1308, 1314 (11th Cir. 2002).

IV.

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we affirm the judgment entered on the jury's verdict in favor of Cook.

First, we conclude that the district court did not abuse its discretion when it rejected Mr. Horrillo's request to introduce evidence on rebuttal that four patients in a post-incident clinical trial of Cook's renal stent suffered strokes, where such

5

evidence was both irrelevant and prejudicial, and nothing had occurred during the course of the trial to "open the door" to such evidence being introduced on rebuttal.

Second, we conclude that the district court did not abuse its discretion when it excluded from evidence the label attached to Cook's renal stent years after Mrs. Horrillo's procedure.   In addition to being properly excluded as a subsequent remedial measure under FED. R. EVID. 407,[2]  the evidence was also irrelevant, more prejudicial than probative, and cumulative.

Third, the record shows that the jury's verdict was overwhelmingly supported by evidence presented at trial.   Cook introduced compelling and significant testimony and documents that would easily allow the jury to conclude that Cook did not promote off-label uses of the biliary stent, was unaware of any risk of stroke associated with its use in renal arteries at the time of Mrs. Horrillo's procedure, did not violate any alleged duty to warn, and did not cause Mrs. Horrillo's injury from either a medical or legal perspective.

Finally, we conclude that the jury instructions and verdict form together accurately instructed the jury on the applicable law, and were not misleading or confusing in any way.

---

[2]  "When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction. But the court may admit this evidence for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures." FED. R. EVID. 407.

6

AFFIRMED.